## J. J. DAY *v.* LOUISVILLE, NEW ORLEANS & TEXAS RAILWAY CO.

1. LAND. *Licensee. Parol gift. Estoppel.*

A father licensed his son to enter upon a part of his land, under a parol agreement that the son should occupy and pay taxes on such part, and, on a certain contingency, receive a deed. The land continued to be assessed to the father. Subsequently a railroad was built across it; and, after condemnation proceedings and considerable litigation as to the right of way between the company and the father, it paid him, and received a deed for the right of way. All this was known to the son, who attended upon the litigation, but remained silent. *Held,* that he cannot in equity controvert the title conveyed by his father, although he had been in possession, in the manner stated, for more than ten years, and had received a deed from his father, which was recorded just before the latter executed the deed to the company, it not having actual notice of his deed. See *Railway Co.* v. *Day,* 67 Miss., 227.—REP.

2. CHANCERY PLEADING. *How construed. Injunction. Insufficient averment.*

A railroad company filed a bill averring its right to cut certain trees by virtue of a deed conveying to it a right of way, "and the right to fell any timber beyond the right of way which is sufficiently near the track of said road to fall on or obstruct the same;" and sought, among other things, to enjoin an action against it for "trespass in going outside of the right of way and felling timber or trees in section 20," etc. The evidence did not definitely locate the trees within the section. *Held,* that a decree enjoining the trespass suit is erroneous, and must be reversed, since complainant failed either to aver or show that the trees, for the cutting of which the trespass suit was brought, were such as the deed gave it a right to fell.

FROM the chancery court of Wilkinson county.
HON. CLAUDE PINTARD, Chancellor.

The Louisville, New Orleans & Texas Railway Company exhibited this bill, seeking to enjoin the appellant, J. J. Day, from prosecuting an ejectment suit brought by him against it to recover a certain strip of land claimed by the company for its right of way, and on which its track is located; and also to enjoin the said Day from prosecuting an action of trespass against complainant for cutting certain trees on land adjacent to the right of way. The said ejectment suit was before this court at the October term, 1889, on appeal of the railway company, and the judgment was reversed. See *Railway Company* v. *Day*, 67 Miss., 227. The facts will be found fully reported in that case. It was there held that J. J. Day was estopped, upon the facts appearing in that record, to controvert the title conveyed to the railway company by his father, David Day, since, without disclosing his title, he had suffered the railway company to condemn the right of way, and to litigate therefor with his father, and subsequently to receive from the latter a deed. It was not shown in the ejectment suit that the deed to the son had been recorded before the company received its deed, and, as to this, the court, in its opinion in that case, used the following language :

"He [J. J. Day] was certainly not owner until it [the land] was conveyed to him in 1886, and, if it was then conveyed to him, and the deed pocketed, he could not be treated as owner against the defendant, and if his conveyance was recorded when the company purchased of his father, January 21, 1887, a grave question would arise as to its efficacy under the history of the case."

The testimony taken in this injunction suit does not vary materially from that in the action of ejectment, except that it is now disclosed that the deed to J. J. Day from his father was recorded when the company purchased. There was also some further evidence tending to weaken the case made by the complainant to establish the estoppel, but it is not necessary to set this out; nor is it necessary to state the facts or the

arguments of counsel in reference to the main point of the controversy, since they appear in the former report.

*D. C. Bramlett*, for appellant.

Neither the bill nor the evidence shows that the trees for the cutting of which the trespass suit was brought, were sufficiently near the track to fall upon or obstruct it. It devolved upon plaintiff to establish a defense to the action. The facts alleged and proved would not constitute any defense.

*Murray F. Smith* and *Mayes & Harris*, for appellee.

COOPER, J., delivered the opinion of the court.

It is unnecessary, in the determination of this case, to decide whether the common law rule which limits the right of entry upon breach of a condition subsequent to the grantor and his heirs at law prevails in this state, or whether such right may be assigned to a subsequent grantee. It is sufficient to say, that, on the facts of this case, neither David Day nor Johnathan J. Day should be permitted to controvert the title conveyed by the deed of 1882. Whatever might have been the result of the action of ejectment at law, it is certain, that, in equity, the possession of the appellee should be protected, and the decree of the court below perpetually enjoining the prosecution of the ejectment suit must be affirmed.

But neither the averments of the bill nor the evidence warrant the injunction against the action of trespass to the timber cut by the servants of the company upon the land adjoining the right of way.

The extent of the right secured to complainant by the deed of 1882 was of a right of way of one hundred feet, "and to fell any timber beyond the right of way herein granted which is sufficiently near the track of said road to fall on or obstruct the same."

Complainant does not aver that the suit for cutting trees

is brought for the purpose of recovering for trees which, under the clause of the conveyance above quoted, it might lawfully have felled. The averment of the bill is that said suit is "for trespass in going outside of the right of way, and felling timber or trees in section 20," etc. Upon the familiar rule that the pleadings in a cause are to be construed against the pleader, or, in other words, that it must be assumed that he has stated his ground of action or defense as strongly as he may, this averment, if proved, would not constitute a defense to the suit. If the averment had been that the action of trespass was for cutting trees "sufficiently near the track of said road as to fall on or obstruct the same," and the evidence had supported the allegation, the decree of the court in this respect would have been correct. But the right to cut such trees along and outside of the right of way as might be near enough to fall upon the track, did not carry the right "to cut trees on section 20, outside of the right of way" generally; and, for aught that is stated in the bill of complaint, none of the trees cut were so near the track as to "fall upon or obstruct it."

So much of the decree as perpetuates the injunction against the prosecution of the action for cutting timber and trees must be      *Reversed.*